IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIAN GONZALEZ MENDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-00847-M |
| | § | |
| TO CONCRETE CONSTRUCTION LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is Defendant's Amended Motion to Dismiss for Lack of Prosecution (ECF No. 24). For the reasons below, the Motion is **GRANTED.**

On May 2, 2024, the Court granted leave for Plaintiff's former counsel to withdraw, and ordered Plaintiff to, by May 16, 2024, provide the name of replacement counsel, or notify the Court in writing of his decision to proceed *pro se*. ECF No. 26. The Court stated that if Plaintiff did not comply with the Order, Defendant's Amended Motion to Dismiss for Lack of Prosecution would be granted.

Plaintiff did not comply with the Court's May 2, 2024, Order; no replacement counsel has made an appearance, and Plaintiff has not notified the Court in writing that he intends to proceed *pro se*. In addition, the record indicates that Plaintiff has ceased to prosecute this lawsuit, including by not communicating with his counsel since September 2023 and not participating in necessary case-related activities, including the preparation of a Court-ordered joint report regarding the status of settlement negotiations. *See* ECF No. 23 at 1.

"If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Fifth Circuit has characterized involuntary dismissal under Rule 41(b) as an "extreme sanction" that "deprives a litigant of the opportunity to pursue his claim." *E.g.*, *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981). However, involuntary dismissals have been upheld where there is a "clear record of delay or contumacious conduct by the plaintiff" and "lesser sanctions would not serve the best interests of justice." *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986). The Fifth Circuit has also recognized three aggravating factors that may support an involuntary dismissal: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.*

Here, there is both delay caused by the Plaintiff—through extended and repeated failure to communicate with his attorney—and prejudice to Defendant, in that Plaintiff's absence has hampered Defendant's ability to conduct discovery and prepare a defense to Plaintiff's claims. Plaintiff's failure to comply with the Court's May 2, 2024, Order, indicates that such delay and prejudice will only be further compounded should the case remain open. Plaintiff's refusal to obtain new counsel or represent himself *pro se* justifies the extreme sanction of dismissal under Rule 41(b), and thus the Court **GRANTS** the Amended Motion to Dismiss for Want of Prosecution. Plaintiff's claims are **DISMISSED** with prejudice, with each side to bear his or its own fees and expenses.

**SO ORDERED**.

May 24, 2024.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE